ORIGINAL

# In the United States Court of Federal Claims

No. 16-703C
(Filed June 20, 2016)
NOT FOR PUBLICATION

FILED
JUN 20 2016
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
                                               *
OLIVER-VAUGHN DOUCE                            *
AL-DEY,                                        *
                                               *
            Plaintiff,                         *
      v.                                       *
                                               *
THE UNITED STATES,                             *
                                               *
            Defendant.                         *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On June 16, 2016, plaintiff Oliver-Vaughn Douce Al-Dey, representing himself, filed a complaint in this court along with a request for leave to proceed *in forma pauperis*. The request to proceed *in forma pauperis* is hereby **GRANTED**, and Mr. Douce Al-Dey is relieved of the obligation to pay the filing fee for this case.

After carefully reviewing the complaint, the Court finds that Mr. Douce Al-Dey failed to state a claim within this court's subject matter jurisdiction. The complaint alleges that New York City police, officials, and contractors have taken Mr. Douce Al-Dey's automobile in violation of criminal laws, and his civil and constitutional rights, including the right to travel and the right not to have property taken. Compl. ¶¶ 1, 6–10.

Subject-matter jurisdiction can be challenged by the parties at any time, or by the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC), "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." When a court undertakes this determination, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F.3d at 1354.

Plaintiff seems to be confused about the jurisdiction of our court. We have the power to hear only cases brought against the *United States* government; we do not have jurisdiction over claims against city officials or agents. *See* 28 U.S.C. § 1491; RCFC 10(a); *Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978); *Clark v. United States*, No. 11-10C, 2014 WL 3728172, at *9 (Fed. Cl. July 28, 2014). Since the complaint does not allege anything done by or on behalf of the United States government, the Court cannot entertain Mr. Douce Al-Dey's claims.

For the foregoing reasons, plaintiff's complaint is **DISMISSED** as beyond our court's jurisdiction pursuant to RCFC 12(h)(3). The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge